1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   SOVEREIGN GENERAL INSURANCE          No. 2:06-cv-2725-MCE-DAD
     SERVICES, INC.,
12   Corporation,

13          Plaintiff,

14       v.                               <u>MEMORANDUM AND ORDER</u>

15   NATIONAL CASUALTY COMPANY,
     a Wisconsin Corporation, and
16   DOES 1 through 10, inclusive,

17          Defendant.

18

19                        ----oo0oo----

20

21       Plaintiff, Sovereign General Insurance Services, Inc.

22   ("Sovereign"), filed the present Motion for Reconsideration of

23   this Court's Order Granting Summary Judgment in Favor of

24   Defendant, National Casualty Company ("National"), arguing that

25   this Court committed clear error and that its decision was

26   manifestly unjust.  For the reasons set forth below, this Motion

27   is DENIED.

28   ///

                                    1

**BACKGROUND**

The Court articulated the facts pertinent to the current Motion in its February 15, 2008, Memorandum and Order.  Those facts are incorporated by reference here.

Sovereign initially filed this action against National in California Superior Court, San Joaquin, on October 24, 2006, claiming that National failed to adhere to its obligations under an errors and omissions policy by failing to appoint <u>Cumis</u> counsel to represent Sovereign.  Additionally, Sovereign alleged that National breached the implied covenant of good faith and fair dealing, and Sovereign sought declaratory relief as to its right to <u>Cumis</u> counsel and its right to settlement within policy limits.

National removed the case to this Court in December of that year.  On August 10, 2007, National filed a Motion for Summary Judgment against Sovereign, arguing that Sovereign was not entitled to <u>Cumis</u> counsel and that each of Sovereign's claims predicated on National's alleged failure to settle were rendered moot by the actual settlement of the underlying dispute within applicable policy limits. This Court granted National's Motion on February 15, 2008, and Sovereign subsequently filed the present Motion asking the Court to reconsider that decision.

///
///
///
///
///

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation.  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Nonetheless, in certain limited situations the court may reconsider its prior decisions.

Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law.  See Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003); School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations and quotations omitted).  Local Rule 78-230(k) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

///

///

1      "Motions for reconsideration serve a limited function: to
2  correct manifest errors of law or fact or to present newly
3  discovered evidence.  *Such motions cannot in any case be employed*
4  *as a vehicle to introduce new evidence that could have been*
5  *adduced during pendency of the summary judgment motion...Nor*
6  *should a motion for reconsideration serve as the occasion to*
7  *tender new legal theories for the first time.*"  Ayala v. KC
8  Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006)
9  (emphasis in original) (internal citations omitted).

10      Mere dissatisfaction with the court's order, or belief that
11  the court is wrong in its decision are accordingly not grounds
12  for relief under Rule 59(e).  Motions for relief from judgment
13  pursuant to Rule 59(e) are addressed to the sound discretion of
14  the district court.  <u>Turner</u>, *supra*, 338 F.3d at 1063.

15
16                                                    **ANALYSIS**
17

18      Sovereign disagrees with this Court's disposition of
19  National's Motion for Summary Judgment.  However, Sovereign does
20  not rely on any new evidence or intervening changes in the law
21  that render the Court's decision worthy of reconsideration.
22  Instead, Sovereign argues that the Court committed clear error
23  and that its decision was manifestly unjust.  In so arguing,
24  Sovereign attempts merely to rehash the same issues already
25  resolved in the Court's prior Order.  This is not the proper
26  basis for a Motion for Reconsideration.
27  ///
28  ///

1      This Court determined, *inter alia*, that National was not

2   obligated to appoint <u>Cumis</u> counsel for Sovereign's defense in the

3   London arbitration and settlement because there was no evidence

4   in the record that the Charles Russell firm could have, through

5   its role in that proceeding, affected the outcome of the parties'

6   California coverage dispute.  The same is still true today.

7   Sovereign did not in its Opposition, nor has it now, provided <u>any</u>

8   evidence showing how Charles Russell, through the London

9   arbitration, could have affected the coverage action.  Moreover,

10  Sovereign did not even address that argument in its Opposition to

11  National's Motion for Summary Judgment.  Instead, it was only

12  after the Court granted National's motion that Sovereign sought

13  to debate the Court's conclusion.  Nevertheless, Sovereign's

14  current arguments do not change the fact that, since it has

15  provided no evidence that Charles Russell could have affected the

16  coverage dispute, Sovereign did not meet its burden to survive

17  summary judgment.  Hence, there is no cause for the Court to

18  reconsider this issue.

19     Also through the current Motion, Sovereign seeks a second

20  opportunity to convince the Court that its Breach of the Implied

21  Covenant of Good Faith and Fair Dealing, Declaratory Relief and

22  Injunctive Relief claims were not rendered moot by its settlement

23  of the London arbitration.  Sovereign argues that the Court

24  interpreted these claims too narrowly.  It bases its newly styled

25  arguments on the liberal nature of the federal pleading rules to

26  attempt to show that the Court's determination that Sovereign

27  could not raise claims it had not pled at the summary judgment

28  stage was clearly erroneous and manifestly unjust.

However, as Sovereign itself points out, this Court is now, and was at the time it drafted its Order, well aware of the Federal Rules of Civil Procedure and their underlying policies.  <u>See</u> Pl.'s Mot. for Reconsideration ("Motion"), 3 n.2.  Nevertheless, the Rules do not save Sovereign from the ramifications of its own poor pleading.

Sovereign acknowledges in its Motion that it must have provided "fair notice" to National of any claims it later intended to raise.  Motion, 2:17-19.  Unfortunately for Sovereign, its initial pleading was very specific as to the grounds on which it based its causes of action.  Even if it would have been hypothetically possible for Sovereign to craft additional grounds for relief out of the facts underlying its Complaint, it did not adequately do so.  Instead, Sovereign chose to draft its pleading in a manner that provided to Defendants fair notice only of those claims that the Court actually considered.  Since the Breach of Implied Covenant, Declaratory Relief and Injunctive Relief claims were premised on National's alleged failure to assert certain defenses in the London arbitration and to settle the London arbitration within policy limits, and on Sovereign's alleged right to <u>Cumis</u> counsel, those claims are now moot.  Again, Sovereign's disagreement with this Court's decision is not sufficient to warrant reconsideration.

///

///

///

///

///

Finally, Sovereign attempts to raise a new due process argument premised on the Court's decision that the Motion for Summary Judgment be submitted on the parties' briefs.  However, Sovereign waived its right to oral argument when it failed to raise any objection until after the Court had rendered a final decision on the merits.  Mahon v. Credit Bureau of Place County Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) ("In the absence of objection or request for oral argument, oral argument is waived.").  Sovereign's current, untimely objection cannot negate its prior acquiescence.

**CONCLUSION**

Because Sovereign has failed to show that the Court's Order was clearly erroneous or resulted in any manifest injustice, Sovereign's Motion for Reconsideration is DENIED[1].

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing.  E.D. Cal. Local Rule 78-23